## G. W. SUMMERS v. STATE.

No. A-1288.　Opinion Filed February 3, 1912.

(120 Pac. 1031.)

1. **TRIAL—Objections to Instructions—Sufficiency.** A general exception to instructions given upon the trial of a case will not be considered for any purpose whatever. Counsel should point out to the trial court the particular instruction to which they desire to except, in order that the court may have an opportunity to correct the error therein, if any.

2. **APPEAL—Review—Sufficiency of Evidence.** The jury are the exclusive judges of the credibility of the witnesses, and this court will not reverse a conviction where there is any evidence in the record from which the jury could legitimately draw the conclusion that the defendant was guilty.

(Syllabus by the Court.)

*Appeal from Woods County Court;*
*W. M. Bickel, Judge.*

G. W. Summers was convicted of violating the prohibitory law, and appeals. Affirmed.

*Chase & Stevens,* for appellant.

*Smith C. Matson,* Asst. Atty Gen., for the State.

FURMAN, P. J. Upon the trial of this cause, among other things, the court instructed the jury as follows:

"If you find any witness has sworn falsely in the case as to any material fact, and he so swore knowingly and willingly, you may wholly disregard the testimony of such witness, except so far as it may have been corroborated by other witnesses."

This instruction has been held to be open to criticism. See *Henry v. State,* 6 Okla. Cr. 430, 119 Pac. 278. In the case at bar, appellant is not in a position to complain of the giving of this instruction, because no exception was saved to it at the time of the trial. It is true the record shows that when the instructions were read to the jury counsel for appellant said, "To which instructions the defendant excepts." This is a general excep-

tion, and applies to all the instructions given, and was wholly insufficient to give the court notice as to what particular instruction the defendant objected, and to which he desired to save an exception. When counsel desire to reserve an exception to any instruction, they should call the attention of the court directly to the instruction objected to, and thereby give the court an opportunity to correct any error which it may contain. We cannot consider such exceptions as this for any purpose.

It is contended by counsel for appellant that the verdict is contrary to the evidence. One witness testified positively for the state that he purchased the whisky from appellant. He is contradicted by two witnesses. Our statute provides that the jury are the exclusive judges of the credibility of witnesses; and this court has always held that, where there was any evidence in the record from which the jury could legitimately draw the conclusion of guilt, the verdict would not be set aside upon the ground that it was contrary to the evidence. The jury saw the witnesses and heard them testify, and were in a much better position to determine who was worthy of belief than are the members of this court. If this court should undertake to reverse cases where there was evidence in the record from which the jury could legitimately draw the conclusion that the defendant was guilty, upon the ground that we were in a better position to determine as to who was credible, then this court would cease to be a court of law, and would become a court of fact, and we would in effect repeal the statute which makes the jury the exclusive judges of the credibility of witnesses.

We find no error in the record which would authorize us to disturb the verdict. The judgment of the lower court is therefore affirmed.

ARMSTRONG and DOYLE, JJ., concur.