### L. B. PEYTON v. STATE.

No. A-1348. Opinion Filed February 3, 1912.

Appeal from Delaware County Court; W. C. Hall, Judge.

L. B. Peyton was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

G. W. Goad and J. G. Austin, for plaintiff in error.

Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted at the July, 1911, term of the county court of Delaware county, on a charge of unlawfully selling intoxicating liquor, and his punishment fixed at a fine of fifty dollars and confinement in the county jail for a period of thirty days. After a careful examination of the record in this case, we are unable to sustain the conviction. The judgment of the trial court is reversed and the cause remanded for a new trial.

### T. E. SIMS v. STATE.

No. A-1342. Opinion Filed February 3, 1912.

Appeal from Oklahoma County Court; John W. Hayson, Judge.

T. E. Sims was convicted of violating the prohibitory law, and appeals. Appeal dismissed.

Pruiett & Sniggs, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted at the April, 1911, term of the county court of Oklahoma county, on a charge of selling intoxicating liquor, and on the 23rd day of May following was adjudged to pay a fine of five hundred dollars and be imprisoned in the county jail for a period of six months. On this date the court gave plaintiff in error forty days to make and serve case-made. On July 1, thereafter, an order was made extending the time thirty days longer, and on the 31st day of July an additional order was made extending the time thirty days. No order appears to have been made extending the time within which to file the appeal in this court. The Attorney General has filed a motion to dismiss the appeal, for the following reason:

"Because the record shows that this. is an attempted appeal from a judgment of conviction for a misdemeanor rendered in the county court of Oklahoma county on the 23rd day of May, 1911, and the petition in error and case-made were not filed in this court until the 31st day of August, 1911, more than sixty days after the rendition of such judgment, the trial court never having extended the time in which to file petition in error and case-made in this court beyond the sixty days allowed by law."

There is no response to the motion, and we take it as confessed. The motion is sustained, and the appeal dismissed.