## ALBERT FISHER v. STATE.

No. A-3629—Opinion Filed Jan. 4, 1921.

Rehearing Denied April 14, 1921.

(196 Pac. 724.)

(Syllabus.)

1. **APPEAL AND ERROR—Discretion of Court—Continuance.** Applications for a continuance on account of the absence of material witnesses are addressed to the discretion of the trial court. A judgment of conviction will not be reversed on appeal because the trial court overruled such a motion, unless a manifest abuse of discretion appears.

2. **CONTINUANCE—Absent Witnesses—Insufficient Affidavit.** For affidavit failing to set out facts showing sufficient diligence to obtain the attendance of absent witnesses, and also failing to

show reasonable likelihood of obtaining such witnesses at subsequent term of court, see body of opinion.

3. **JURY — Qualification of Jury—Homicide.** For **voir dire** examination of juror challenged by defendant for cause held to show no ground of disqualification, see body of opinion.

4. **TRIAL—Refusal of Instructions Covered in Charge.** Where the general charge of the court fully and fairly covered the law of the case in a manner as favorable to defendant as the evidence warranted, it was not prejudicial error to refuse to give other instructions requested substantially covered in the general charge.

*Appeal from Superior Court, Okmulgee County;*

*R. E. Simpson, Judge.*

Albert Fisher was convicted of the crime of manslaughter in the first degree and his punishment fixed at a term of six years' imprisonment in the state penitentiary, and appeals. Affirmed.

*E. W. Smith, Chas. L. Phillips,* and *Edw. J. Gilder,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J. This is a companion case to that of Isom Beam (No. A-3518, this day decided), *ante,* p. 529, 196 Pac. 720. The defendant, Albert Fisher, and Isom Beam were jointly informed against in the superior court of Okmulgee county for the murder of one Louis Deer. Upon a severance, Beam was tried first, and upon conviction was sentenced to serve a term of four years' imprisonment in the state penitentiary. Fisher, who was subsequently convicted, was sentenced to serve a term of six years.

The assignments of error in many respects are identi-

cal in both cases, and those alleged errors passed upon in the Beam appeal will not receive further consideration at this time.

In addition to the question raised in the Beam Case, one or two questions are raised on this appeal: First, it is contended the trial court erred in overruling the motion of this defendant for a continuance of the cause on account of the absence of Yarner Fisher and Nellie Barnett, both of whom were claimed to be material witnesses for the defendant.

The affidavit of defendant in support of said motion concerning the absence of Yarner Fisher and the diligence used to obtain her attendance, and what was expected to be proved by her, is as follows:

"Albert Fisher, of lawful age, being first duly sworn on his oath says: That he is the defendant in the above-entitled cause, and that he is charged with the crime of murder therein; that he is unable to proceed to trial at this time for the want of material evidence, to wit:

"The evidence of Yarner Fisher, who is a material witness in this case, and the defendant has used due diligence to obtain her evidence, in that he has a subpoena issued for her and the return thereof by Deputy Sheriff Don R. Stormont shows that she cannot be found in this county, and that, although she is a sister of this defendant, her whereabouts are wholly unknown to him at this time, and he is unable to produce her at this trial at this time. That the defendant expects to have the evidence of the said Yarner Fisher at the next term of this court. That the defendant expects to prove the following facts by said witness, to wit:

"That the difficulty out of which this case arose occurred at the house owned by witness; that the defendant was living and residing with witness at the time and

had no other home; that, on the night of the difficulty, the deceased, defendant, Isom Beam, and Louis Fisher came home about midnight, and after some little time the deceased, Louis Deer, came into the room where witness was asleep and went to bed, and that he was in bed in the same room with her prior to the difficulty, and that the deceased was drinking heavily and quarrelsome; that at the time of the difficulty the deceased got up out of the room where she was sleeping and went into the south room where Albert Fisher, her brother, was, and provoked the difficulty that resulted in the fight; that the deceased, Louis Deer, was the aggressor and got Albert Fisher down on his bed and was beating and choking him; that Betty Deer, the sister of the deceased, who was also in bed in the same room with witness, got up out of bed and went to the assistance of the deceased, and that she, too, beat on this defendant with something like a shoe; that, when she went by the door leaving the house, Betty Deer and Louis Deer were both on top of Albert Fisher beating and chok-ing him; that when she got to the road she looked back and saw Louis Deer run Albert Fisher out into the yard with a chair in his hand, and went on around the house; that when he returned he had a rock or something in his hand, and that Albert Fisher said, 'Drop that rock!' or something to that effect and shot; that the said Louis Deer was the aggressor throughout the fight, and that affiant believes the same to be true. That said evidence cannot be furnished by any other witness, and that this application is not made for delay, but that substantial justice may be done. Wherefore defendant asks that this cause be con-tinued until the next term of this court."

A similar affidavit was also filed as to Nellie Barnett.

Applications for a continuance on account of the ab-sence of material witnesses are addressed to the discre-tion of the trial court. This court will not reverse a judgment of conviction because the trial court overruled such a motion, unless a manifest abuse of discretion ap-

pears.   The previous holdings of this court are uniform to this effect, among which are the following: *Reed v. State,* 14 Okla. Cr. 651, 174 Pac. 800; *Brewer v. State,* 13 Okla. Cr. 514, 165 Pac. 634; *White v. State,* 9 Okla. Cr. 442, 132 Pac. 381.

We think it is apparent from defendant's affidavit in support of this motion that due diligence is not shown in attempting to obtain the attendance of the absent witnesses.   Yarner Fisher, one of the absent witnesses, is a sister of the defendant, with whom defendant lived at the time of the commission of the alleged crime; yet defendant swears he is not acquainted with her whereabouts at the time of the trial, but believes he can procure her attendance, if the cause is continued.   Evidently, had any reasonable amount of diligence been used, defendant could have kept in touch with the whereabouts of his sister, and procured her attendance at the trial.   There was no more likely probability of defendant's procuring the attendance of either of these witnesses at a subsequent term of court had no more diligence been employed.

We find no abuse of discretion in overruling this motion.   On the contrary, the court's action was entirely consistent with the just administration of the criminal laws of this state.   This cause had been pending on the docket of the trial court from the 28th of May, 1918, until the 10th day of March, 1919, the defendant having on the 8th day of June, 1918, been granted one continuance in the cause, and having been at large on bond from that date subsequently until the cause was set for trial in March, 1919, a period of over nine months.

Under such circumstances, the trial court was unusually indulgent with this defendant in permitting the evi-

dence of these two witnesses given in the trial of Isom Beam to be read as the deposition of said witnesses in this case.

It is also contended that the trial court erred in overruling a challenge for cause to the juror S. C. Browning. The *voir dire* examination of said juror is as follows:

"Q. You said you were one of the regular panel at the adjourned May term—September term of this court, last year? A. Yes, sir; I was here.

"Q. I will ask you to state whether or not you were one of the jurymen in the case of Isom Beam tried at that term. A. I have no recollection of it; no, sir.

"Q. I will ask you if you were drawn on that jury.

A. Well, I have no recollection of being drawn.

"Q. You know whether you were drawn? A. I have no recollection; I might have been drawn and could have forgotten.

"Q. I will ask you if you were in the court room during the trial. A. Don't remember anything of that trial at all.

"Q. You remember the trial don't you? A. No, sir; I don't know that I remember the trial.

"Q. You won't say you were not in the court room, will you? A. No, sir; I wouldn't say I was; wouldn't be positive.

"By Mr. Smith: Challenged for cause.

"By the Court: Challenge overruled.

"By Mr. Smith: Exception."

As no ground of disqualification is made to appear from the foregoing examination, it is apparent the action

of the trial court in overruling the challenge for cause was not erroneous.

Certain instructions covering the law of self-defense were given over objection and exception of defendant's counsel; other instructions requested along the same line were refused.

The instructions given were such as had heretofore been approved by this court in cases where self-defense was relied upon.

The general charge of the court in our opinion fully and fairly covered the law of the case, and there was no prejudicial error in refusing to give the instructions requested because the law contained in the requested charges was substantially covered in the instructions given in a manner as favorable to the defendant as the evidence warranted.

Judgment affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.