## DAN GROVES v. STATE.

No. A-4725.   Opinion Filed Feb. 2, 1925.
(233 Pac. 243.)

(Syllabus.)

1. **Witnesses—Cross-Examination—Right to Show State's Witness is Charged with Homicide and Accused is Witness Against Him.** In a criminal prosecution it is competent for the defendant to show that a witness who is testifying against him stands charged with homicide, and defendant as an eyewitness of the homicide is a witness against him.

2. **Same—Refusal to Permit Showing on Cross-Examination Reversible Error.** In a criminal prosecution it is reversible error to refuse to permit the defendant to show on cross-examination of a witness for the prosecution that he stands charged with homicide, and that the defendant as an eyewitness to the homicide is a witness for the state against him.

Appeal from County Court, Cotton County; J. C. Norman, Judge.

Dan Groves was convicted of transporting intoxicating liquor, and he appeals. Reversed.

Lewis Hunter, for plaintiff in error.

The Attorney General, for the State.

PER CURIAM. The information charges that on the 1st day of October, 1922, the defendant, Dan Groves, did unlawfully convey and transport one quart of corn whisky from a point unknown in Cotton county to a point in Benton Hill's Bottom. On the trial the jury returned a verdict of guilty and assessed his punishment at a fine of $500 and confinement in the county jail for 90 days. He has appealed from the judgment rendered upon such conviction.

The errors assigned question the sufficiency of the evidence to sustain the verdict, and that the trial court erred in its rulings on the admission and exclusion of testimony.

The state relied for this conviction upon the testimony of Bill Muse, Herman Muse, and Ace Kelly. It appears that Bill and Herman Muse are brothers, and Ace Kelly their nephew; that at the time of the trial Bill Muse was charged with the murder of Benton Hill; and that Dan Groves was a witness for the state.

Bill Muse, the first witness called, testified that his brother Henry and Ace Kelly and Benton Hill were together on the creek bank, and the defendant Dan Groves brought a half gallon of whisky to them; that they drank a part of it and witness broke the jar. On cross-examination he was asked if it was not a fact that Dan Groves was an eyewitness to the killing of Benton Hill, "wherein you are charged as the defendant." The county attorney,

Mr. Huff, objected for the reason the same is incompetent, irrelevant, and immaterial. The court sustained the objection. Exception reserved.

On cross-examination of the witness Herman Muse, he was asked if he knew whether the defendant Dan Groves is a witness against his brother in the case where his brother is charged with homicide for the killing of Benton Hill. Same objection and same ruling.

As a witness in his own behalf, Dan Groves testified that he was present on the bank of the creek with the witness for the state and Benton Hill, and was picking cotton for Mr. Hill at the time; that when he walked through the cotton field the rest of the party were sitting down and Bill Muse had a half-gallon fruit jar of whisky in front of him; that he did not know who produced the whisky. He was then asked to state whether or not he was an eyewitness on this same day to the homicide where the witness Bill Muse is charged with the killing of Benton Hill. Same objection by the state sustained. Thereupon his counsel offered to prove by the defendant, Dan Groves, that on this same day he was an eyewitness to the killing of Benton Hill, a white man, by Bill Muse, a colored man, and that he is one of the only two eyewitnesses present at the time of the killing; that Bill Muse and the other state witness are biased and prejudiced against him; that Bill Muse is a witness against him with the hope of immunity, or of mitigation on the charge of killing Benton Hill. By the Court: The ruling of the court will be that this line of testimony is entirely incompetent in this case and will not be permitted to go to the jury. Exception allowed.

The question here presented is discussed in the companion case of Hennessee v. State, 29 Okla. Cr. 72, 232 P. 856, decided at this term, wherein it was held that a defendant has the right on cross-examination to show the nature of the relations existing between him and a

prosecuting witness in so far as their relations are such as would tend to create a bias that might reasonably be supposed to affect the credibility of the witnesses.

For the reasons stated in the opinion in the Hennessee Case, the judgment of the lower court is reversed.