## BOB TIBBS et al. v. STATE.

No. A-4837. Opinion Filed July 18, 1925.
(238 Pac. 219.)

J. H. Harper, for plaintiffs in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error will be referred to as defendants, as in the court below. The defendants were convicted of grand larceny, and appeal.

The error assigned for reversal is that the evidence was insufficient to sustain the verdict. See companion case of McDowell v. State, 30 Okla. Cr. 187, 234 P. 1109. The evidence was circumstantial, but shows about the following state of facts:

On Sunday night one Smith lost about 600 pounds of seed cotton, of a value of about 6 cents per pound, from a wagon in his field. This cotton was carried some distance to a section line, where tracks indicated a truck had stood, and shoe tracks of two persons led from the place where the truck stood to the cotton wagon and back, indicating that the persons had made several trips from the cotton wagon to the truck. These shoe tracks had certain peculiarities. The tires on the truck also had peculiarities. On the night in question, defendants procured a truck from

one Bowen near Comanche, drove to Waurika, and some time about midnight went from Waurika to Burkburnett, Tex. After the theft was discovered the officers procured the truck, compared the track made by it with the tracks where apparently the cotton had been loaded into it, and also procured shoes worn by the defendants, which were compared with the human tracks leading from the cotton wagon to the place where the truck stood. The testimony is that in all the particulars they corresponded exactly. The body of the truck also contained fragments of lint and cotton burrs.

The defendants admitted the trip to Burkburnett, Tex., on the night in question in the truck, and also that they were at Waurika, which was near the place of the larceny. The defense was an alibi. The jury evidently disbelieved the testimony of the defendants, and believed the evidence offered by the state. There was ample evidence from which the jury could reasonably and logically find the guilt of the defendants, and, as the jury are the sole judges of the facts, this court cannot disturb the verdict. Summers v. State, 7 Okla. Cr. 10, 120 P. 1031; Sims v. State, 7 Okla. Cr. 701, 120 P. 1033.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.