CHARLES LOUDERMILK v. STATE.

No. A-5353.   Opinion Filed Jan. 30, 1926.
(242 Pac. 1060.)

Crouch & Crouch, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Charles Loudermilk, was charged with statutory rape, alleged to have been committed on the 4th day of July, 1923, by having sexual intercourse with Sybil Taylor, a female under the age of 16 years, to wit, 14 years, and not his wife. On the trial the jury returned a verdict finding him guilty as charged in the information and fixing his punishment at imprisonment in the penitentiary for a term of one year. He has appealed from the judgment rendered on the verdict.

The only errors assigned are that the evidence is insufficient to support the verdict and judgment, and that the court erred in not granting a new trial.

The material and undisputed facts in the case, as disclosed by the record, are substantially as follows: The defendant was 30 years old and the prosecutrix 14. Their families were neighbors, having lived across the street from each other in the city of Muskogee for about 3 years previous to the date alleged. The time of the alleged rape was between 10 and 11 p. m., and the place was in Hyde Park, near Muskogee, back of the house in which the monkeys were kept and near the bank of the Arkansas river. On

the 2d day of April, 1924, the prosecutrix gave birth to a child.

The prosecutrix testified that defendant by threats and intimidation frightened her in accompanying him to the scene of the assault from the place where each had been a spectator at the open air picture show that night in the park; that she went to the park with her three little brothers and her niece, Lela Loudermilk; that at the request of the defendant's mother she stayed with her that evening at the open air show; that when she went to the river bank with the defendant, he told her they would have to do like a man and wife does, and laid her on her back and told her if she moved he would kill her; that he made her lie in that position about an hour; that he had intercourse with her and left her lying there; that she went back and again met his mother and went home with her and stayed there that night so that her mother would not see her, returning to her own home about 5 o'clock the next morning; that she never before or after had intercourse with any person.

As a witness in his own behalf, the defendant admitted that he was present at Hyde Park that afternoon and evening; that he saw the prosecutrix in the park about 5:30 in the afternoon, but did not speak to her; that he was around the dance hall and took the last car home that night a quarter until 12 o'clock; that his mother left the park about 11 o'clock. He denied that he had intercourse with her on that occasion or at any other time.      ,

It would serve no useful purpose to give a synopsis of each witness' testimony. All these witnesses were before the jury and the trial court. The jury after due consideration and deliberation decided the issues of fact adversely to the defendant. Where the evidence is conflicting and apparently irreconcilable, it was the exclusive province of the jury to determine whom of the witnesses to believe and

whom to disbelieve or whose testimony to disregard, and it was a question for the jury and not for this court to say whether the testimony of the prosecutrix was worthy of belief. Where there is evidence, apparently credible, which if believed is sufficient to sustain the judgment, this court will not reverse a conviction on the sole ground of the insufficiency of the evidence.

No prejudicial error being urged, and none appearing to the court, the judgment of the lower court is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.