## G. W. WHEAT v. STATE.

No. A-6087.   Opinion Filed Sept. 17, 1927.
(259 Pac. 279.)

Wilkinson & Hudson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Pittsburg county of assault with intent to kill and was sentenced to serve a term of $2\frac{1}{2}$ years in the state penitentiary.

The record discloses that Tom Owen, a deputy sheriff, acting on some information, made a search for violations of the liquor law in some hilly country near the Canadian river. While so engaged, he came upon Will Wheat, a son of defendant, and two other men. He arrested Wheat, who had in his possession 6 half-gallon fruit jars of whisky. The other two men fled. It is the theory of the state that one of these men was defendant, and there is evidence tending to sustain this theory. The evidence for the state is that an hour or two later, while returning with Wheat under arrest, defendant, with a shotgun, stepped from behind a tree and shot Owen. Owen returned the fire, and some 6 or 7 shots were exchanged. Defendant fled from the scene of the shooting and was arrested late that afternoon. Defendant admits the shooting, but contends that it was in his own necessary self-defense; that his meeting with Owen was casual, and upon his appearance Owen fired 2 shots at him before defendant returned the fire. These controverted questions of fact were submitted to the jury.

The first contention argued is that the court admitted incompetent and prejudicial evidence on the part of the state. This is directed to the testimony that defendant's son was in the possession of whisky and was arrested just prior to the shooting. This testimony is not directly relevant to the issue, but it certainly tends to explain and throw light upon the transaction. The theory of the state is that defendant and Will Wheat were jointly engaged in the transaction that resulted in the arrest of Wheat, and that the shooting of Owen was the result

of the arrest of Wheat. Under this view, the arrest of Wheat was an integral part of the transaction and furnished a motive for the shooting. There is testimony from two witnesses tending to bear out the state's contention that defendant was one of the two men who fled from the scene at the time Will Wheat was arrested. Further, the inference arising from this testimony makes the evidence complained of a part of the res gestae, as it is well settled that evidence is admissible as a part of the res gestae although it may tend to prove a different offense, where the different offense is so closely linked with the offense charged as to form a connected transaction, or where the evidence of the former explains or sheds light on the latter.

Complaint is next made that the court erred in permitting a witness to testify that some four days prior to the offense charged Will Wheat had stated, in substance, that Owen had interfered with their business and he was going to get the big "son of a bitch." As stated, there was some evidence of an acting together by defendant and his son, Will Wheat. Will Wheat had testified to a state of facts which would have justified defendant in shooting Owen. Owen had testified to a state of facts making defendant the aggressor and the shooting without provocation. The acts and conduct of a witness and statements made by him inconsistent and at variance with his testimony may be shown for the purpose of affecting his credibility. The state had a right to inquire about the interest, motive, and feeling of the witness Will Wheat and to inquire concerning any conspiracy, connection, or interest of defendant in the transaction for which Will Wheat was arrested. This evidence also tended to impeach the testimony of the witness Will Wheat and to show his interest, bias, and feeling.

Lastly, it is contended that the court erred in refusing defendant's requested instructions 2 and 3. These

requested instructions present defendant's theory, in substance, that if he was assaulted by Owen that he had the right to defend himself and repel the attack with such force as reasonably appeared necessary. These requested instructions present defendant's theory and are substantially correct. However, the substance of these requests is covered by the court's instructions Nos. 4 and 5, and where instructions which contain a correct statement of the law are requested, there is no error in refusing them if the principle of law requested is covered by the court's general charge. Smith v. State, 14 Okla. Cr. 250, 174 P. 1107.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.