## POLLY BURROWS v. STATE.

No. A-6556.  Opinion Filed May 18, 1929.
Rehearing Denied June 8, 1929.
(278 Pac. 685.)

W. R. Withington, for plaintiff in error.

J. K. Wright, Co. Atty., and L. W. Harrod, Asst. Co. Atty., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county of the offense of maintaining a public nuisance by keeping a place at 15 West Third Street, Oklahoma City, where intoxicating liquors were kept, sold, bartered, and given away, and where persons were permitted to congregate for the purpose of buying and receiving intoxicating liquors, and her punishment fixed at a fine of $50 and confinement in the county jail for a period of 30 days.

The first error complained of by the defendant is that the court erred in admitting incompetent testimony as to the reputation of the place kept by the defendant at the time of the filing of the information. W. P. Lindsey, a witness for the state, was asked, on direct examination, the following questions:

"Q. Do you know the general reputation of the Polly Burrows Place, to wit, 15 West Third street, Oklahoma City, Oklahoma, as to being a place where whisky was kept, bartered, sold, and given away? And did you know that reputation on the 6th day of August, this year? A. Yes, sir.

"Q. Was that reputation good or bad? A. Bad.

"Q. Do you know the general reputation of that place as to being a place where people were permitted to go and buy whisky? A. Yes, sir.

"Q. Is that reputation good or bad? A. Bad."

The next witness, H. O. Brown, who testified for the state, answered the same questions in the same way.

In the case of Ward v. State, 15 Okla. Cr. at page 155, 175 Pac. 558, in the body of the opinion, this court said:

"The general rule is well established that, where a witness testifies that he knows the general reputation of a witness or a place for having a particular trait of character or for a particular kind of business, he may then be permitted to state what that reputation is, provided it relates to the time of the offense and locality of the place, or residence of the witness whose reputation is attacked. Dave v. State, 22 Ala. 23; Cole v. State, 59 Ark. 50, 26 S. W. 377; Craig v. State, 5 Ohio St. 605; Young v. Com., 69 Ky. [6 Bush.] 312; Peck v. State, 86 Tenn. 259, 6 S. W. 389; Gilliam v. State, 1 Head (Tenn.) 38, 73 Am. Dec. 161; Merriman v. State, 3 Lea (Tenn.) 394; 1 Greenleaf on Evi. 461."

The defendant next complains that the court erred in admitting in evidence a certain marked $5 bill used by the officers in making a purchase of liquor in this place. The officers sent a young man into the place with a $5 bill which was marked. The officers searched the young man before he went into the house, and testified: That he had nothing on his person except the $5 bill. That they stood where they could see him go into the house. That when he came out they searched him again and found a pint of whisky and $2.50 in change on him. Having a search warrant, the officers immediately went into the place, found the defendant, and searched the place, finding two more pint bottles of whisky. The officers, not being able to find the $5 bill, demanded it of the defendant. The defendant said she had given the bill to a messenger boy. When the officers accompanied the defendant to the telegraph office, the defendant admitted that she had not given the bill to the messenger boy, and said that if the officers would return with her to the house she would give them the bill. Upon their return to the house and after some further argument and a statement by the officer that he would stay all night if he had to to get that bill, the defendant finally produced the bill. This $5 bill, marked by the officers, was introduced in evidence. The defendant now complains that it was improperly admitted because it was obtained by compulsion.

There being ample evidence in the record to support the verdict and their being a conflict as to just what was said and done to obtain possession of the $5 bill, and the jury having settled the conflict in favor of the state, this court will not disturb the verdict. The cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.