## MONT FREEMAN v. STATE.

No. A-6526. Opinion Filed May 25, 1929.
(277 Pac. 685.)

Jack W. Page, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Cleveland county on a charge of unlawfully transporting intoxicating liquor and was sentenced to pay a fine of $50 and to imprisonment in the county jail for a term of 30 days.

Only one contention is made; that is, that the information is insufficient for failure to charge the place from which the liquor was transported. In this particular the

information alleges: "* * * That Mont Freeman * * * did unlawfully and willfully carry, transport and convey intoxicating liquor, to wit: whisky * * * from a point unknown to informant to a point on the public highway, to wit, Porter Avenue and Frank Street intersection in the city of Norman. * * *"

Section 7002, Comp. Stat. 1921, defines the offense sought to be charged. An information charging the unlawful transporting or conveying of whisky should allege the place from which it is transported, if known, and the place to which it is transported. It is not sufficient to allege that it was transported from one place in the state to another place without specifying the place, as such allegation does not sufficiently identify the transaction. Brown v. State, 4 Okla. Cr. xiii, 115 Pac. 603. But if the place from which the liquor was transported is not known, it may be alleged in the information that the transporting was from a place in the state unknown to the informant to some other place in the county. The information is not defective for failing to state the place from which the liquor was conveyed, where it is alleged that such place was unknown to the informant. Schave v. State, 4 Okla. Cr. 286, 111 Pac. 962.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.