### ROY RICHERSON v. STATE.

No. A-6430.   Opinion Filed June 15, 1929.
(278 Pac. 356.)

294

W. M. Williams and Ross Cox, for plaintiff in error.

Raymond Barry, Co. Atty., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Harmon county on a charge of having possession of whisky with intent to barter, sell, give away, or otherwise furnish the same contrary to law, and was sentenced to pay a fine of $100 and be imprisoned in the county jail for 60 days. Following the overruling of the motion for new trial, the defendant has appealed to this court.

The witnesses who were officers of Harmon county, testifying for the state, said they had a search warrant and went out to the defendant's place, but did not search the house; that, in a little storage house southeast of the house, they found a ten-gallon keg with five gallons of whisky in it. The sheriff testified that he placed a mark on the keg, and when the keg was brought into the court, he testified that the contents were the same as when he put the mark on it and that that was the keg and liquor found on defendant's premises. The defendant called as his first witness, Dr. R. L. Pendergraft. Being examined by defendant's counsel, he was asked the question: "Dr., would you say that liquid was whisky? A. I don't know,

it has the taste of whisky." The doctor was asked the further question: "In your judgment would you say it was as much as 20% alcohol? A. I would not say." The defendant then asked the court's permission to permit the jury to taste a sample of the liquor taken from the keg. This permission was granted and three of the jurors drank some of the liquor and as soon as the case was closed very promptly found the defendant guilty.

The state called in rebuttal Phil C. Ashby out of the public health department. After identifying a sample taken from the keg of liquor, he testified: "Q. I wish you would test that for the benefit of the jury and tell them what per cent. of alcohol it has? A. The scale gives it 15 per cent." The defendant offered several witnesses who were not chemists, who testified that in their judgment it was at most a very weak grade of whisky.

Defendant's first assignment of error is that the affidavit was insufficient to justify the search of the private residence of the defendant. The record discloses that the private residence was not searched, but only the barn, dugouts, and outhouses on the premises, and the liquor was found in an outhouse or storage house. The affidavit for the search warrant contained the description set forth in the syllabus of this case and was a sufficient description to authorize the search of the land and outbuildings. The affidavit was positively sworn to, and in the affidavit the affiant stated "that he was on the above named premises as is described above with a man by the name of Gus Stanka on the night of June 18, 1926, and that while there he saw whisky and beer and that the above named Gus Stanka purchased one gallon of whisky and three cases of beer from the above named defendant and paid them for the whisky and beer in his presence," in addition to the further statement that intoxicating liquors were being

kept on the premises for the purpose of being sold, bartered, or given away. This affidavit was sufficient to authorize the search of every part of the premises except the private residence, and the evidence obtained by the search was properly admitted by the court.

Defendant next contends that the verdict of the jury is contrary to the law and the evidence. Since the evidence taken under the search warrant was properly admitted and since there is a conflict in the evidence as to other material facts in the case, it was for the jury and the trial court to determine in the first instance the sufficiency of the evidence. A careful reading of the record discloses ample evidence to support the verdict of the jury.

The defendant next complains that the court erred in admitting incompetent, irrelevant, and immaterial testimony over the objection of the defendant. The part complained of is that the state offered evidence showing previous sale to Gus Stanka as alleged in the affidavit for the search warrant. Counsel for the state told the court and jury that he offered this evidence only for the purpose of showing the intent of the defendant in the possession of the liquor seized under the search warrant. This court has held that, where one is charged with possession of a specified quantity of intoxicating liquors, with the intent to illegally dispose of the same, evidence of sales or attempted sales at or near the time may be shown to establish the illegal intent. The court, therefore, did not err in the admission of the testimony complained of.

The defendant next complains of the refusal of the court to give certain instructions requested by the defendant. The instructions given by the court on its own motion fairly covered the issues in the case and were as favorable to the defendant as he was entitled to have under the law

and facts developed in the case. The instructions tendered by the defendant did not correctly state the law and were properly refused by the court.

Finally, the defendant argues that the conduct of the special prosecutor was prejudicial to the rights of the defendant. The evidence before the jury was that the sale set forth in the affidavit for the search warrant was made in the nighttime, and the defendant attempted to show that the witnesses could not know that it was the residence of the defendant at which the whisky and beer was purchased. The state put the sheriff on the witness stand, who testified that Bridgewater, who made the affidavit for the search warrant, went with him the next morning and pointed out the residence of the defendant where the liquor was purchased the night before. Gus Stanka had testified that he did not purchase any liquor from the defendant, as sworn to by Bridgewater in the affidavit for the search warrant. Counsel for the state announced: "Let the record show that counsel for the state is asking the question for the purpose of impeaching Gus Stanka's testimony and that it is no way to be considered evidence against the defendant, Roy Richerson."

Under the harmless error doctrine of this state, we would not be justified in reversing this case because of the possible error of the special prosecutor in offering this proof. There is ample evidence in the record to support the verdict of the jury.

Defendant complains of numerous other errors, but they are without merit.

The cause is therefore affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J., dissents.