GEORGE BENNETT et al. v. STATE.

No. A-6477.  Opinion Filed July 20, 1929.
(279 Pac. 693.)

Ben F. Williams and Crawford Cameron, for plaintiffs in error.

J. D. Grigsby, Jr., Co. Atty., for the State.

CHAPPELL, J.  The plaintiffs in error, hereinafter called defendants, were convicted of manufacturing intoxicating liquor, and their punishment fixed at a fine of $100 each and each to be imprisoned in the county jail for 4 months. The defendant contends that the evidence is

insufficient to support the verdict of the jury, and contend that the court erred in overruling their demurrer to the evidence and motion to instruct the jury to return a verdict of not guilty.

As to the defendant F. C. Cox, we are of the opinion that the court did err in overruling such motion. A careful reading of the record discloses no competent testimony connecting the defendant Cox with the possession of the still or the manufacture of liquor.

The evidence of the state as to the defendant Bennett is that when the officers were within about 50 yards of the still, the defendant Bennett was seen to flee from the immediate vicinity of the still and escaped from the officers who were trying to arrest him at the time. A light rain had fallen the night before and fresh tracks led from the residence of the defendant to the still. After the officers had taken possession of the still, they saw the two defendants leave the residence of the defendant. The officers got in their car and pursued them for about 5 miles, where they overtook them and arrested them. The defendants, of course, denied that they knew anything about the still or had anything to do with it.

The defendants first contend that the court erred in admitting, over the objection of the defendants, the search warrant, liquor, and articles found on the land not described in the complaint and search warrant. The officers had a search warrant for a vacant quarter section of land supposed to be under the control of defendant Bennett. On this land they found a jug of whisky buried in the sand. On the adjoining quarter section of land, not controlled or in the possession of either of the defendants, the officers found a still in operation, with mash and whisky and jugs and glass containers for the same. The

officers claimed they found this still by following fresh tracks in a path leading from the defendant Bennett's house to the still. It does not appear from the evidence who was the owner or in possession of the vacant land upon which the still was found. This court has repeatedly held that the immunity from an unlawful search and seizure is personal, and that the defendant cannot complain of the unlawful search of the premises of another. In addition to the fact that the defendants could not complain of the search, we are of the opinion the search was legal; no search warrant being necessary to search outlying and vacant premises.

The defendant next complains that the court erred in permitting the witnesses Bud Jennings and Cory Adams to testify that they searched the car of the defendant George Bennett and found therein a rubber hose and small tin funnel, for the reason that they searched the car without a search warrant.

While the evidence against the defendant Bennett is circumstantial, it is sufficient to support the verdict of the jury. This court has repeatedly held that, where the evidence is conflicting and there is any evidence in the record to support the verdict of the jury, the question of the sufficiency of the evidence comes to this court upon the question whether under the law there is any evidence to support the verdict. Burrows v. State, 43 Okla. Cr. 256, 277 Pac. 685.

The evidence being sufficient to support the verdict, the cause is affirmed as to George Bennett, and reversed as to F. C. Cox.

EDWARDS, P. J., and DAVENPORT, J., concur.