# JIM RICHARDS v. STATE.

No. A-7104. Opinion Filed March 29, 1930.
Rehearing Denied April 19, 1930.
(286 Pac. 806.)

John L. Hodge and G. V. Pardue, for plaintiff in error.

154

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county on a charge of having unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $250 and confinement in the county jail for a period of 90 days.

The evidence of the state shows that a search warrant was issued to search the premises of the defendant, and that Cecil Crosby and Hale Dunn, deputy sheriffs of Carter county, searched the premises of the defendant and in a box table in the kitchen they found five one-half pints and three full pints of whisky. The defendant testifying in his own behalf said that he was present when the deputy sheriffs made the search and that what they found was alcohol. He could not remember whom he bought the alcohol from, but said he used it for a rug; that the alcohol was grain alcohol; that the man he bought it from delivered it, was a stranger to him, and said he lived in Ohio; that he was mixing ice water that one of them said he wanted, apparently referring to persons in the room when the officers came to make the search.

Defendant contends, first, that the affidavit was insufficient to authorize the issuance of the search warrant for the reason that the matters alleged in the warrant were untrue. Where the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused, after the warrant has been executed, to show that the statements in the affidavit are not true, or to raise any question as to the competency or source of the affiant's information or the means by which it was obtained. Phillips v. State, 34 Okla. Cr. 52, 244 Pac. 451; Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785.

The affidavit and search warrant were sufficient to authorize the search of the premises of the defendant, and the evidence obtained thereby was properly admitted in the trial of the case.

The defendant next contends that the evidence is insufficient to support the verdict of the jury. The quantity of liquor found made a prima facie case against the defendant. The jury was not bound to believe the evidence of the defendant, and since there was sufficient evidence in the record, if believed by the jury, to support their verdict, the trial court did not err in overruling defendant's demurrer to the evidence.

The defendant next complains that instructions 4, 5, and 6 were erroneous and prejudicial to the rights of the defendant. The instructions are not models, yet when considered together they fairly state the law as applicable to the case.

Finally, the defendant complains of the argument of the assistant county attorney. The argument was not taken in full by the court reporter. Counsel for defendant and the county attorney disagreed on what had been said, and since the court made no finding as to what actually was said, there is nothing in the record to raise the question complained of by defendant. Moody v. State, 13 Okla. Cr. 327, 164 Pac. 676; Whitenack v. State, 46 Okla. Cr. 315, 285 Pac. 990.

The evidence being sufficient to support the verdict of the jury and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.