## AUGUST BRADY, JR., v. STATE.

No. A-8988. March 27, 1936.
(56 Pac. [2d] 913.)

Meacham, Meacham & Meacham, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquor, and his punishment fixed at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The evidence on behalf of the state shows that on the 20th day of February, 1935, the defendant was operating a filling station three miles south of the city of Clinton, in Custer county, Okla., on the south side of highway 66; the officers searched the lands near his filling station and from a distance of 125 to 200 yards from

the filling station found 120 pints of bonded whisky, and 3 pints of what they describe as moonshine or bootleg whisky; the state also introduced evidence to show the defendant had sold whisky in 1933, and as late as January 30, 1935, which was about eleven or twelve days prior to the day of the search.

The testimony of the defendant was that the whisky found was not his, and that he did not know who had buried the whisky where it was found.

Several errors have been assigned by the defendant, but the only error deemed necessary to consider is, the court erred in admitting testimony of previous sales of whisky prior to the date the defendant is charged with having possession of the whisky. The sale of whisky in the summer of 1933 was too remote, but the sale in January, 1935, only a few days before the whisky was found in the defendant's possession was competent, and the court properly admitted that evidence. The facts as presented by the record show conclusively that the defendant was in possession of the whisky found, notwithstanding his positive denial, and the testimony is amply sufficient to sustain the conviction.

The error of the court in admitting evidence of a sale in 1933, in view of the record in this case, is not sufficient to warrant a reversal. The defendant had a fair and impartial trial. There is sufficient evidence to warrant a conviction.

The judgment is affirmed.

EDWARDS, P. J., and DOYLE, J., concur.