# DICK BARKER v. STATE.

No. A-9812.   June 25, 1941.

(114 P. 2d 960.)

Laynie W. Harrod, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

JONES, J.   The defendant, Dick Barker, was charged by information in the court of common pleas of Oklahoma county with the offense of unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve a term of 30 days in the county jail and to pay a fine of $50, from which judgment and conviction he appeals to this court.

The only assignment of error urged by counsel for defendant is that the evidence is insufficient to support the conviction.

The testimony offered by the state was that Officers Isenhour and Davis, on the evening of June 24, 1939, saw the defendant standing in some weeds behind the Swingtime Night Club.   When the defendant saw the officers, he dropped an object which the officers found

to be a pint of whisky. They searched the ground near where the defendant had been standing and found one more pint. Defendant claimed the pint he had dropped, and stated that he had come back there to take a drink from this pint which he had hidden earlier in the evening. Officer Isenhour stated that he had seen defendant sell a pint of whisky on the Saturday night the week before he caught him with this whisky.

The evidence offered on behalf of the defendant was that one Fred Dobbs had been at the Swingtime that night, and had tried to buy a pint of whisky from a man in a car, whose name he did not know; however, this bootlegger would not sell a single pint, but would sell him two. As Dobbs didn't have enough money to buy two pints, defendant agreed to take one of them. When the whisky was delivered, Dobbs and defendant hid it in the weeds at the rear of the nightclub. Defendant went out to take a drink and was arrested by the officers. There was some testimony that defendant had been on a car-wrecking job at Wewoka, and had not been selling whisky.

A jury was waived, and this cause tried by the court. The defendant urges that since there was not in excess of one quart of intoxicating liquor found, the evidence is insufficient to make a prima facie case and wholly insufficient to support a conviction.

It has been stated that the intent is the gist of the offense of unlawful possession of intoxicating liquor, and cannot be presumed where the amount is not in excess of one quart, but must be shown by competent evidence and beyond a reasonable doubt to exist.

However, the question of the intent with which a possession of whisky is had is a question of fact which may be determined by all the facts and circumstances

in the case. Here the facts show that the defendant was an employee of the Swingtime Night Club; neither of the two pints of whisky which were found had the seals broken. On a similar occasion, a few nights previously, one of the officers had seen the defendant make a sale of whisky.

In Richerson v. State, 43 Okla. Cr. 293, 278 P. 356, it is stated:

"Where one is charged with the possession of a specified quantity of liquors with an intent to illegally dispose of the same, evidence of sales or attempted sales at or near the time may be shown to establish the illegal intent."

See, also, Brady v. State, 59 Okla. Cr. 60, 56 P.2d 913.

It is significant that the defendant testified in his own behalf, but did not deny the testimony of the officer who said he had seen the defendant make a sale of whisky a few days before the occasion in question.

The defendant admitted the possession of whisky and makes an explanation that one pint of the liquor was for his use to drink and the other pint belonged to one Fred Dobbs, who had bought it and had hidden it in the weeds where he could later take a drink from it.

The question of the intent with which the possession was had, under the circumstances herein, was a matter for the determination of the trial court. There is sufficient evidence in the record to sustain his finding that the defendant had the possession with intent to sell.

The judgment of the court of common pleas of Oklahoma county is accordingly affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.