GREELEY MOSELEY v. STATE.

No. A-7476. Opinion Filed March 22, 1930.
(287 Pac. 839.)

James W. Smith, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kiowa county of the crime of manslaughter in the first degree, and his punishment fixed by the court at imprisonment in the state penitentiary for a term of ten years.

The evidence of the state shows that the defendant shot Earnest Harrell with a shotgun, the wound producing

death. The evidence of the defendant tended to establish self-defense. The defendant first complains that the court erred in putting the defendant upon trial upon an information charging murder without having a preliminary hearing. The record discloses that the county attorney filed a preliminary complaint in the justice court of C. W. Thompson charging the defendant with murder. The examining magistrate held the defendant to answer to the charge of manslaughter in the first degree and fixed his bond at $10,000. The record further discloses that the cause was remanded back to the examining magistrate by Hon. E. L. Mitchell, judge of the district court, for a hearing on the charge of murder, and that evidence was heard by the examining magistrate and he was held to appear in the district court to answer the charge of murder. The record does not support the contention of the defendant and raises no question for this court. Martin v. State 46 Okla. Cr. 411, 287 Pac. 424; Underwood v. State, 23 Okla. Cr. 119, 212 Pac. 1010; Leyerle v. State, 31 Okla. Cr. 179, 237 Pac. 871; Wise v. State, 46 Okla. Cr. 200, 284 Pac. 306.

The defendant next contends that the punishment is excessive and is contrary to an agreement he had with the county attorney. When the case was called for trial, defendant in open court, and on advice of counsel, waived a jury and the cause was tried to Hon. E. L. Mitchell, judge of the district court sitting in Kiowa county. At the conclusion of the trial the court found the defendant guilty of manslaughter in the first degree and fixed his punishment at ten years in the state penitentiary. While it is true that the county attorney could make no agreement to reduce the grade of the crime or to fix the punishment thereof without the consent of the trial court, yet such agreement should be approved where the defendant acts on it in good faith and surrenders statutory or constitu-

tional rights to expedite the hearing of the case, and especially is that so where the agreement of the county attorney aids in the speedy administration of justice and the punishment agreed upon is adequate under all the circumstances surrounding the case. It is apparent from the record that the defendant and his counsel believed they had an understanding with the county attorney as to the punishment when they waived the jury and went to trial at once.

From an examination of the whole record, the court is of the opinion that justice will be done both to the state and to the defendant by reducing the punishment from ten years in the penitentiary to five years in the penitentiary. For the reasons stated, the punishment is modified to read five years in the state penitentiary at McAlester, and as modified is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.