## Ex parte ROY WHITSON.

No. A-9878.   July 17, 1940.
(104 P. 2d 981.)

80

Roy Whitson, in pro. per.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for respondent.

PER CURIAM. Roy Whitson filed in this court by mail his petition for writ of habeas corpus, wherein he avers that he is unlawfully restrained of his liberty by J. F. Dunn, warden of the state penitentiary at McAlester, at the subprison in Stringtown without authority of law except commitment from a court in Tulsa county.

Petitioner avers that his conviction was without due process of law as provided in Amendment V of the Constitution of the United States, providing:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury." And further avers that his attorney failed to file an appeal from the judgment of conviction; that the county attorney of Tulsa county made remarks and comments about the petitioner calculated to inflame and prejudice the jury against him, "and as a consequence received a sentence twice as great as any ever assessed by the courts of the state for a similar crime."

Petitioner fails to state the name of the court or the crime of which he was convicted or state the punishment imposed.

A general demurrer to the petition was interposed by counsel for the respondent.

It is elementary law that in habeas corpus proceedings jurisdictional questions only are reviewable or to be considered. The writ cannot be invoked for the purpose of reviewing the acts of courts of record, where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal.

Before the writ is available as a means of release from confinement, it must appear that the court issuing the process has acted without jurisdiction.

It follows that the demurrer to the petition should be sustained and the cause dismissed. It is so ordered.