Ex parte JIM S. SCOTT.

No. A-10879.   Oct. 8, 1947.
(185 P. 2d 482.)

104

Jim S. Scott, of McAlester, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

JONES, J. This is an original action in habeas corpus instituted by the petitioner, Jim S. Scott, to secure his release from confinement in the State Penitentiary.

In the verified petition it is alleged that the petitioner was sentenced on February 8, 1933, by the district court of Marshall county to serve 100 years in the State Penitentiary, upon a conviction for the crime of manslaughter in the first degree. It is further alleged that during the trial of the petitioner, the defendant was deprived of his right to introduce certain facts which would have been material to his plea of self-defense. It is further alleged that the sentence pronounced against the petitioner is excessive under the facts and circumstances of the case. The petition sets forth a lengthy narrative concerning the relationship which existed between the petitioner and the deceased, Abe Works, to show that the petitioner was justified in taking the life of the deceased.

The cause was submitted to this court upon a demurrer to the petition filed by the Attorney General upon behalf of the warden of the State Penitentiary.

The allegations in the petition as to the facts if sustained by the record would probably have obtained some reduction in the sentence pronounced against the petitioner, if the case had been appealed. However, in a

habeas corpus proceeding, the Criminal Court of Appeals cannot weigh the evidence or reduce the sentence which has been imposed against the petitioner, but may give relief only when the judgment and sentence pronounced against the accused are void. Ex parte Wright, 73 Okla. Cr. 167, 119 P. 2d 97.

Since there are no allegations in the petition which show that the district court of Marshall county was without jurisdiction to render the particular judgment, it follows that the demurrer to the petition should be sustained and the writ of habas corpus should be denied.

It is so ordered.

BAREFOOT, P. J., and BRETT, J., concur.