Ex parte JOHN NOBLE.

No. A-11200.   May 11, 1949.

(206 P. 2d 226.)

John Noble, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J.   This is a petition for a writ of habeas corpus brought by John Noble, an inmate of the penitentiary at McAlester, Okla., wherein he alleges that he

is being unlawfully restrained of his liberty by C. P. Burford, warden thereof. He alleges the cause of that restraint is the judgment, sentence and commitment from the district court of Tulsa county, Okla., made and entered on the 14th day of June, 1946, wherein he entered a plea of guilty to a charge of murder, allegedly committed on March 10, 1946. On said charge he was sentenced to life imprisonment in the said penitentiary.

Accompanying his petition for a writ of habeas corpus is a transcript of the proceedings in the district court of Tulsa county, had in said cause, at the time the sentence complained of was imposed. Therein it appears he was charged by valid information, together with one Boblee Cartwright, with the murder of Fred M. Stahl. That at the time of the arraignment on June 14, 1946, he was represented by able and experienced counsel. That at the time of arraignment he waived time to plead. Whereupon the information was read to him in open court. In this connection the record discloses he then acknowledged and admitted his identity as the person named in said information. Thereafter his counsel in his presence, and with his consent, informed the court that he desired to enter a plea of guilty to the charge of murder. It further appears that thereupon the trial court advised him in detail of the nature and consequences of the crime, and that the penalty for murder might be a sentence to life imprisonment or to death in the electric chair. The court further advised him that it was the duty of the court to fix punishment, and only the court's duty so to do, and that any understanding he might have had with reference to his plea as to punishment would not be binding on the trial court. To which

he replied, "yes sir." The court then went further, and inquired "in the light of that statement of the court and your answers, do you still wish to plead guilty to this charge of murder," to which the petitioner's answer was, "Yes sir." He was then asked if he had any statement to make, to which he replied in the negative, whereupon his counsel made a statement in his behalf which disclosed he was 23 years of age and was without prior criminal record. The county attorney was then asked for his recommendation, which he informed the court was a sentence of life imprisonment. Thereafter the court requested the county attorney to detail the facts of the case, which was done.

Though not essential to a determination of this proceeding, the same is included here only for the purpose of adding clarity to the opinion and to establish that the trial court had authority to pronounce the judgment and sentence rendered, and we include a condensation of the same herein. This detailing disclosed, briefly, the vicious and brutal murder of Fred M. Stahl. It disclosed that the defendants determined to rob him of his automobile when they drove by in another car and saw his lights burning. An examination of the car disclosed that Stahl was in the automobile. He was rendered unconscious by a blow on the head with a heavy blunt instrument wielded by Boblee Cartwright, the petitioner's accomplice. The two of them then stole Stahl's Buick car, dumping what was thought to be Stahl's lifeless body in a vacant house nearby. They drove away and returned a few minutes later and found Stahl gone, and in the headlights discovered him walking down the road a short distance away. They stopped the car, got out, and Cartwright struck Stahl with a blunt instrument several

crushing blows, again felling him. They then put him in the Buick car and took him to Mohawk Park and there removed the body from the car. Cartwright left in the car and returned a few minutes later with a rope. They then put the body in the Buick car and drove to a coal pit, where the rope was tied to Stahl's body and around a large rock and the body was thrown into the pit. Thereafter they drove to Galveston, Tex., where the automobile was destroyed.

The county attorney detailed that the petitioner had assisted the state in solving the crime. The petitioner contended he never struck any of the blows, which of course in habeas corpus is not an issue.

When the county attorney finished his statement of the killing and before judgment and sentence was pronounced, the court asked the defendant if he had any statement he wished to make, to which he responded, "No, sir." The record before us discloses a most heinous and cold-blooded crime. It further discloses the defendant was accorded all of his constitutional and statutory rights not otherwise waived by him.

Under the record it is clear the court had jurisdiction of the subject matter, jurisdiction of the person, and authority under the law to pronounce the judgment and sentence rendered. This court has repeatedly held that in habeas corpus proceedings the inquiry is limited to those questions. Ex parte Matthews, 85 Okla. Cr. 173, 186 P. 2d 840; Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550; Ex parte Massengale, 67 Okla Cr. 181, 93 P. 2d 41; Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18; In re Swaim, 66 Okla. Cr. 30, 38, 89 P. 363; Ex parte Keel, 62 Okla. Cr. 277, 71 P. 2d 313; Ex parte Newman, 67 Okla. Cr. 401, 94 P. 2d 556; Ex parte Davis,

68 Okla. Cr. 29, 95 P. 2d 915; Ex parte West, 62 Okla. Cr. 260, 71 P. 2d 129.

It has also been held that habeas corpus is not a substitute for appeal. Ex parte Critser, 87 Okla. Cr. 380, 198 P. 2d 228; Ex parte Broyles, 84 Okla. Cr. 47, 178 P. 2d 652; Ex parte Darr, 84 Okla. Cr. 352, 182 P. 2d 523; Ex parte Mayfield, 84 Okla. Cr. 158, 179 P. 2d 934, and numerous other cases.

Finally, this court has held that where facts alleged, even if established, would not warrant discharge by habeas corpus, the writ will be denied. Ex parte Whitson, 70 Okla. Cr. 79, 104 P. 2d 980; Ex parte Linam, 71 Okla. Cr. 155, 109 P. 2d 838. The petition herein wholly fails to state facts alleging cause for relief by habeas corpus.

For all of the foregoing reasons the writ of habeas corpus must be and the same is accordingly denied.

JONES, P. J., and BAREFOOT, J., concur.