Ex parte THOMAS C. WORKMAN.

No. A-11172. June 8, 1949.

(207 P. 2d 361.)

290

Thomas C. Workman, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. This is an original petition for a writ of habeas corpus wherein the petitioner Thomas C. Workman alleges that he is being unlawfully restrained of his liberty by C. P. Burford, warden of the State Penitentiary at McAlester, Okla., and that the cause of said restraint is by virtue of the judgment, sentence and commitment made and entered on or about October 17, 1941, to life imprisonment on the charge of murdering his wife, by shooting her three times with a .38 caliber revolver. The petitioner was delivered to the penitentiary on October 20, 1941. This petition was filed herein on November 18, 1948.

In the petition defendant alleges that the petitioner did not have proper representation by counsel in that counsel refused to appeal his case stating that the peti-

tioner had no funds. In this regard the petitioner alleges that he had no knowledge of law, did not know that he was entitled to an appeal unless the attorney made application, that he believed his attorney was advising him correctly and that he was compelled to abide by his advice. He admits he asked the court clerk of Tulsa county what it would cost to have a transcript of both the "main and preliminary trials" made and was advised that it would be approximately $350. He further alleges that it was only recently that he learned that he was entitled to perfect an appeal forma pauperis. He alleges further that he did not have a fair trial according to law.

Moreover he alleges he was not guilty by reason of temporary insanity, which issue it appears was determined by the jury. He further raises questions relative to the evidence in both the preliminary and on the trial of the case on its merits. In addition thereto he complains relative to the selection of the jury at the trial on the merits and otherwise questioned the procedure therein.

He alleges that in mid-July, 1942, he made application to the Honorable R. W. Higgins, district judge of Pittsburg county, Oklahoma, for a writ of habeas corpus which was heard in September of 1942. Therein he alleged his complaints relative to his trial and the proceedings had in Tulsa county, and the writ was denied. He alleges that at said time Judge Higgins suggested that he take the matter before the Criminal Court of Appeals which he did not do until this present proceeding.

The Criminal Court of Appeals looks with liberality on petitions for habeas corpus filed by inmates of state institutions without the advice and help of an attorney.

Ex parte Allen, 86 Okla. Cr. 48, 192 P. 2d 289. But it is apparent that the foregoing matters and things alleged in the petition are not such as can be reached on habeas corpus. This court has repeatedly held that it will only grant relief by habeas corpus when the judgment is void, or the court did not have jurisdiction to render the judgment and sentence. Ex parte Scott, 85 Okla. Cr. 103, 185 P. 2d 482; Ex parte Matthews, 85 Okla. Cr. 173, 186 P. 2d 840; Ex parte Noble, 89 Okla. Cr. 231, 206 P. 2d 226; In Ex parte Motley, 86 Okla. Cr. 401, 193 P. 2d 613, we held that in habeas corpus proceedings we will not look beyond the judgment and sentence of a court of competent jurisdiction for mere irregularities of procedure or errors of law on questions over which the court had jurisdiction. Here the trial court clearly had jurisdiction to render the judgment and sentence complained of. It had jurisdiction of the subject matter, jurisdiction of the person of the defendant and jurisdiction to pronounce the judgment and sentence rendered. Under these conditions the judgment is not void and the Criminal Court of Appeals has repeatedly held that the writ cannot issue to correct irregularities in such proceeding. Ex parte Barber, 87 Okla. Cr. 201, 196 P. 2d 695. Here there is nothing in the record to indicate that the trial court in which the petitioner was convicted was without authority to render the judgment complained of, and under such conditions the writ must be denied. Ex parte Peaker, 87 Okla. Cr. 139, 194 P. 2d 893. Moreover the writ of habeas corpus may not be used as a substitute for appeal. Ex parte Motley, supra. It is apparent that the matters and things alleged by the petitioner herein, even if established, would not warrant his discharge on habeas corpus, and therefore would not warrant us in granting the writ. Ex

parte Linam, 71 Okla. Cr. 155, 109 P. 2d 838; Ex parte Noble, supra; Ex parte Whitson, 70 Okla. Cr. 79, 104 P. 2d 980. Moreover, approximately eight years have elapsed since the petitioner committed the crime and was convicted thereof, and for the first time he presents an application for a writ of habeas corpus in this court. This court has repeatedly held that the right to relief by habeas corpus may be lost by laches, when the petition for habeas corpus is delayed for a period of time so long that the minds of the trial judge and court attendants become clouded by time and uncertain as to what happened, or due to dislocation of witnesses, the grim hand of death and the loss of records, the rights sought to be asserted have become mere matters of speculation, based upon faulty recollection, or figments of imagination, if not outright falsifications. Ex parte Matthews, supra. The wisdom of the last quoted rule is made apparent by the petitioner's reference to lost records used by him in the proceeding before Judge Higgins in Pittsburg county and the death of Honorable Gleason McDonald, assistant county attorney of Tulsa county, to whom reference is made in the petition.

It clearly appears herein that the court had jurisdiction to pronounce the judgment and sentence herein complained of and the same was not void, and for this reason and the other reasons hereinbefore set forth, the writ must be and the same is hereby denied.

JONES, P. J., and BAREFOOT, J., concur.