## Ex parte DAVENPORT et al.

No. A-11683. Feb. 20, 1952.

(241 P. 2d 429.)

Chester L. Davenport, pro se.

Norman L. Davenport, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, P. J. This is an original proceeding brought by Chester L. Davenport and Norman Davenport petitioners, wherein they seek release from the State Penitentiary, McAlester, Oklahoma, by writ of habeas corpus. It is al-

leged in said petition that they are unlawfully restrained of their liberty by Jerome J. Waters, Jr., Warden of the State Penitentiary, under and by virtue of a judgment and sentence entered against them in the district court of Mayes county, Oklahoma, wherein they were jointly charged with the offense of first degree robbery, were found guilty, and sentenced on the 2nd day of May, 1951, to 25 years imprisonment. They were charged with the robbery of Highway Patrolman Francisco. In the petition it is alleged by the petitioners that the said judgment and sentence was obtained by an agreement with the county attorney to the effect that he would recommend a sentence of 10 years in the event each of the petitioners should enter pleas of guilty to the charge pending against them, which agreement he failed to keep and stood mute. In said petition it is further alleged that petitioner Chester Davenport did not actually participate in the commission of said crime as alleged in the information.

The Criminal Court of Appeals has examined said petition, and finds the same is wholly insufficient to state a cause for relief by writ of habeas corpus. The fact that the county attorney failed and refused to recommend the 10 years in the penitentiary is of no force and effect, for the reason that had such a recommendation been made, the trial court would not have been bound to follow the same; and we must presume that the judgment and sentence imposed by the trial judge was one that he believed to be just and in keeping with the charge of the crime alleged and the facts in relation thereto before him. It has been repeatedly held by this court that inquiry in habeas corpus proceedings is limited to the questions of jurisdiction, such as Did the court have jurisdiction of the subject matter, jurisdiction of the person and authority under the law to pronounce the judgment and sentence rendered? Ex parte Noble, 89 Okla. Cr. 231, 206 P. 2d 226, and authorities cited therein. It appears herein that all the necessary jurisdictional facts as above enumerated existed in the trial proceedings below. It further appears that the petitioners were represented by counsel at the time said pleas of guilty were entered and the judgment and sentence rendered. By reason of the foregoing facts the petition for a writ of habeas corpus wholly fails to state facts to warrant granting of relief by habeas corpus. Ex parte Noble, supra. Under such conditions it has been held that the writ must be denied. Ex parte Noble, supra, and authorities cited therein.

The defendant's attempt to obtain relief by writ of habeas corpus on the theory that he was not guilty as charged is an attempt to substitute this habeas corpus proceeding for an appeal. In this connection it has likewise repeatedly been held that habeas corpus is not a substitute for an appeal. See, also, Ex parte Noble, supra, and authorities cited therein. For the foregoing reasons the petition for writ of habeas corpus, herein involved, is dismissed.

JONES and POWELL, JJ., concur.