## Ex parte JOHNSON.

No. A-11985.   Dec. 2, 1953.

(264 P. 2d 367.)

Ernest Johnson, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. This is an original petition for habeas corpus brought by Ernest Johnson as petitioner. In said petition he complains that he is being unlawfully restrained of his liberty by the Honorable Jerome J. Waters, warden of the Oklahoma State Penitentiary at McAlester, Oklahoma. He alleges the cause of said restraint is a certain judgment and sentence rendered against him on February 20, 1953 in the district court of Pontotoc county, Oklahoma, on a charge of conjoint robbery to which he entered a plea of guilty, and upon which he was sentenced to 10 years in the penitentiary. He admits he was represented by counsel, but further complains that he believed he would receive a minimum sentence of 5 years, but the trial judge sentenced him to 10 years in the penitentiary.

It appears from said unverified petition that the jurisdiction of the trial court was complete. The trial court had jurisdiction of the person of petitioner, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence imposed, Title 21, § 800, O.S. 1951, fixing the minimum at 5 years and the maximum penalty at 50 years. It appears the petitioner was represented by counsel, and that his principal complaint was that he received more time than he expected. In Ex parte Davenport, 95 Okla. Cr. 140, 241 P. 2d 429, 430, it was held:

"In habeas corpus proceedings, inquiry is limited to whether court had jurisdiction of subject matter, jurisdiction of the person, and authority under the law to pronounce judgment and sentence rendered."

Moreover, it was held therein that an understanding with orders about the amount of sentence to be imposed on a plea of guilty is not binding on the trial court, and in the absence of clear and convincing proof to the contrary, we must presume that the sentence imposed by the trial judge was one that he believed to be just and in keeping with the crime alleged and the facts, in relation thereto before him. For all the foregoing reasons, the writ of habeas corpus is accordingly denied.

POWELL, P. J., and JONES, J., concur.