**Application of Oren David MORGAN, for Writ of Habeas Corpus.**

**No. A–12440.**

Criminal Court of Appeals of Oklahoma.

April 10, 1957.

Oren David Morgan, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, Judge.

This is an original action in habeas corpus instituted by Oren David Morgan to secure his release from confinement in the State Penitentiary.

We have before us an unverified petition. Petitioner has failed to attach a certified copy of the information complained of, together with a certified copy of the judgment and minutes of the court.

Petitioner says that at the July, 1955 term of the district court of Garfield County he was convicted on a charge of second degree forgery, second and subsequent offense, and sentenced to serve 15 years in the state penitentiary.

As grounds for release, petitioner alleges that the preliminary complaint first charged him simply with second degree forgery, but that later a second charge of "second and subsequent offense" was added, and he says such invalidated the warrant which was authority for his arrest. He says that at his trial he was deprived of the opportunity of obtaining witnesses whose testimony would have been pertinent. He does not set out the names of the witnesses and their addresses, and what they would have sworn to. He also claims that his attorney was incompetent.

The petition was insufficient. Ex parte Hines, Okl.Cr., 289 P.2d 972; In re Richardson, Okl.Cr., 283 P.2d 855; Ex parte Hall, 91 Okl.Cr. 11, 215 P.2d 587.

In a habeas corpus proceeding, the inquiry is limited to whether the court had jurisdiction of the subject matter, jurisdiction of the person, and authority under the law to pronounce judgment and sentence rendered. Habeas corpus is not a substitute for an appeal. Ex parte Noble, 89 Okl.Cr. 231, 206 P.2d 226.

The Attorney General has furnished this court with a photostatic copy of the judgment and sentence from the district court of Garfield County in case No. 2733, dated December 1, 1955 which shows that petitioner at trial was represented by counsel, and was convicted of the crime of giving a false and bogus check, and sentenced to serve 15 years in the State Penitentiary. The record further shows that defendant is now serving his tenth term after conviction for crime.

The jury found the defendant guilty "as charged in the information". From the sentence interposed, it necessarily was for a second and subsequent offense.

The writ is denied.

BRETT, P. J., and NIX, J., concur.