**Matter of the Habeas Corpus of Harold LENIGER, Petitioner,**

**H. C. McLeod, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–12713.**

Criminal Court of Appeals of Oklahoma.
March 11, 1959.

Harold Leniger, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

Harold Leniger, an inmate of the State Penitentiary at McAlester, has filed herein a petition for writ of habeas corpus, seeking his release.

It is alleged that his restraint is by reason of a judgment entered in the district court of Logan County, Oklahoma, on or about November 25, 1939, based on a verdict of a jury finding him guilty of mur-

930

der, and where he was assessed a life sentence.

For grounds for release it is alleged that the commitment by which he is held in the Oklahoma State Penitentiary is null and void for the reason that it is not a certified copy of the judgment and sentence.

To the petition the Attorney General has filed a response, to which is attached a certified copy of the judgment and sentence entered in case No. 1600, State v. Harold Leniger, on November 25, 1939, wherein it sets out that on said day the defendant was found guilty by a jury on a charge of murder and assessed a sentence of life imprisonment. Judgment was entered accordingly.

Respondent sets out that it is a fact that the original copy of the judgment and sentence had been removed from the prison files by some person unknown to the record clerk, but that on discovery another certified copy of the original judgment and sentence to replace the one which had been removed, was obtained.

We note from the copy of the judgment and sentence in question attached to the response, that the court clerk of the district court of Logan County attached her certificate to the copy of the original judgment and sentence.

From the matters stated it is apparent that the Warden's records on petitioner are once again in order and complete. However, the loss of the judgment once received and where the original might be found in the files in case No. 1600 in the district court of Logan County or recorded in that office, would not entitle petitioner to the writ.

In Ex parte Whitson, 70 Okl.Cr. 79, 104 P.2d 980, this court said:

"Habeas corpus does not lie to correct mere irregularities of procedure, where there is jurisdiction. There must be illegality or irregularity sufficient to render the proceedings void."

Writ denied.

NIX and BRETT, JJ., concur.