Billy Joe SHERRY, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12911.

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1961.

Gordon L. Patten, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Billy Joe Sherry, plaintiff in error, hereinafter referred to as defendant, was charged in the district court of Tulsa County with the crime of uttering a forged instrument; that he uttered and published as true to one Shoeland Shoe Store a check in the amount of $15 made payable to David Roper and signed by Mrs. Floyd L. Roper, and that said check was forged, etc. To this charge the defendant on September 30, 1959 entered a plea of not guilty, and the case was set for jury trial for November 5, 1959. On November 24, 1959 the defendant having theretofore changed his plea of not guilty to guilty, he came before the court for sentencing. The court sentenced defendant to two years in the State Penitentiary, whereupon counsel gave notice of appeal to the Court of Criminal Appeals.

Petition in error with affidavit of defendant's counsel was filed in this Court on May 20, 1960, in which it is alleged that defendant was but 17 years of age at the commission of the crime, and that he agreed with the county attorney of Tulsa County that he would make restitution of the $15 involved to the Shoeland Shoe Store, and would enter a plea of guilty to the charge, if the county attorney would recommend a one-year sentence, and that in compliance with said agreement, restitution was made to the complaining witness and the county attorney, according to his agreement, recommended to the district judge presiding, Judge Eben L. Taylor, a sentence of one year, but the court refused to follow the recommendation of the county attorney, and sentenced defendant to two years in the State Penitentiary.

At hearing before this Court on September 21, 1960, counsel for the defendant readily admitted that the court was not bound to follow the recommendation of the county attorney. That is the law. Maxwell v. State, Okl.Cr., 292 P.2d 181. But counsel argued that in view of the fact of the youthfulness of the defendant, and the restitution of the small sum involved, and the presumed investigation by the county attorney of his past record, etc., that the

sentence imposed was excessive and that this Court had power to modify it, and it was earnestly argued that such should be done. 22 O.S.1951 § 1066. The State did not argue the matter, and filed no brief. We assumed the appeal was by casemade and the argument appealed to this Court by reason of the youthfulness of the defendant, restitution, and the assumption that defendant had no previous record for crime. The case was submitted for an opinion.

Surprisingly, on reading the record, which we do after oral argument, though we study the briefs prior to argument, it was discovered that the appeal was by transcript, rather than by casemade, and hence did not contain a transcript of the remarks and language of the county attorney in the process of making his recommendation to the trial court as to sentence. We do not have the benefit of the remarks of the judge, if any, concerning why he could not follow the recommendation of the county attorney. The defendant may have been before the court prior to this time. The court may take into consideration the previous record of a defendant who enters a plea of guilty, in fixing his sentence. There may have been evidence taken in mitigation or aggravation of punishment to be assessed. The transcript could not show or in absence of request some other reasonable method may have been involved. See 22 O.S.1951 §§ 973–975. Williams v. State, Okl.Cr., 321 P.2d 990, paragraphs one and two of the syllabus.

The affidavit affixed to the petition in error is silent as to defendant's previous record, but if it were set out, we would not be privileged to consider it.

■ As this Court has so often said, where appeal is by petition in error and transcript, the Court of Criminal Appeals may consider only fundamental error that may be disclosed by the transcript proper, that is, the record, less a transcript of the testimony and rulings and remarks of the court and counsel, so that errors requiring an examination of the evidence may not be considered. Smith v. State, Okl.Cr., 347 P.2d 232 and cases cited; London v. State, Okl.Cr., 297 P.2d 567; and see 22 O.S.1951 § 977, detailing what constitutes the record proper, as follows:

"When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had, and must immediately annex together and file the following papers, which constitute a record of the action:

"1st. The indictment and a copy of the minutes of the plea or demurrer.

"2nd. A copy of the minutes of the trial.

"3rd. The charges given or refused, and the indorsements, if any, thereon; and,

"4th. A copy of the judgment."

■ In Wiese v. State, Okl.Cr., 305 P.2d 868, 869, Jones, P. J., speaking for this Court said:

"The question of the alleged excessiveness of the punishment cannot be determined where the appeal is by transcript, as such question requires an examination of the evidence before the trial court."

We might suggest that the Pardon and Parole Board would be a proper place to consider a parole for the defendant, after he has served one year.

For the foregoing reasons, the judgment and sentence appealed from by transcript must be and is affirmed.

NIX and BRETT, JJ., concur.