Earl CAMPLAIN, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–13009.

Court of Criminal Appeals of Oklahoma.

May 24, 1961.

Earl Camplain, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by transcript of the record by Carl Camplain, plaintiff in error, defendant below.

The defendant and Jack Camplain were charged in the district court of Jefferson County, Oklahoma, with the crime of conjoint robbery with dangerous weapons, to-wit: certain .32 automatic pistols, by means of which F. L. Baker was placed in fear of his life. In such manner, it is charged that on June 20, 1960 this defendant, together with Jack Camplain, overcoming the resistance of F. L. Baker, took from him the sum of $508, with the intent to permanently deprive him thereof, and convert the same to their own use and benefit.

It appears that on October 18, 1960 the defendant duly appeared before District Judge Arthur J. Marmaduke for arraignment, without counsel. Where one charged with conjoint robbery with a dangerous weapon appears before the court without counsel, it is the duty of the trial court to assign counsel for such accused.

In this case the Hon. J. T. Daniel was duly appointed to represent the defendant. The minutes disclose that the defendant waived the reading of the information, was advised of his legal rights, and, presumably upon the advice of counsel, entered his plea of guilty. Thereafter, and on October 19, 1960, after defendant was asked if he knew of any reason why judgment and sentence should not be pronounced, and no reason being given, he was sentenced to serve 40 years in the State Penitentiary. From such judgment and sentence this appeal was perfected.

Defendant contends that the trial court assigned incompetent counsel for him, inexperienced in criminal procedure; that counsel refused to institute an appeal for him; that the county attorney promised him a sentence of ten years on a plea of guilty; that he wanted to withdraw his plea of guilty before judgment and enter a plea of not guilty; that by conspiracy he was deprived of his right to trial by jury; and that the case was a malicious prosecution on the part of the county attorney.

These charges are unsupported by the record before us, consisting of the information, the minutes of the trial court, and the judgment and sentence.

■■ Where an appeal is taken by transcript, properly certified by the court clerk as in this instance, the Court of Criminal Appeals is limited to a search of the indictment or information, the minutes of the trial court of the plea, and incidents thereof as reflected therein, and the judgment and sentence. Furthermore, an appeal by transcript permits us to look only for fundamental errors as they may appear in the record. Brown v. State, 89 Okl.Cr. 389, 208 P.2d 1143; Leach v. State, 95 Okl.Cr. 237, 246 P.2d 416. No such error appears herein. And where a person accused of conjoint robbery with a dangerous weapon waives his right to the reading of the information and enters a plea of guilty,

the trial court has jurisdiction of the person of the defendant, of the subject matter, and authority to pronounce judgment and sentence.

■■ On the question of incompetency of counsel, that too appears to be without merit. J. T. Daniel is a duly licensed lawyer of the Jefferson County Bar, and personally known to the members of this Court as a very able and competent lawyer; and the fact that court-appointed counsel, after consulting with an accused, recommends a plea of guilty, and thereafter such counsel advises that no appeal be taken from the judgment and sentence of 40 years imprisonment, is not an indication that such court-appointed attorney was incompetent or inexperienced in criminal procedure. The allegations of the information to which this appellant plead guilty are sufficient to justify counsel in suggesting, and the trial court in accepting the plea of guilty. Moreover, this defendant's record in the office of the Pardon and Parole Board discloses two prior felony convictions and penitentiary terms served by the defendant, one for forgery in the second degree, and the other for larceny of an automobile. Under these conditions the wisest and most profound counsel might have dictated the course pursued by counsel for this defendant. An accused having served two previous terms in the State Penitentiary will be presumed to be familiar with his constitutional right to a trial by jury, and where the accused, with the aid of counsel, enters a plea of guilty he waives his constitutional right to trial by jury.

■ A defendant should not be allowed to trifle with the court by entering a plea of guilty, after consulting with his attorney, and capriciously withdrawing such plea on the date set for judgment and sentence.

The failure of counsel to perfect an appeal herein was clearly justified, for there was nothing on which to appeal. Moreover, the question was considered moot by the

Attorney General's action in assisting the defendant to appeal on the only grounds made herein. The entire record being before us, this point is without merit.

On the question of an agreement with the county attorney for a ten year term, this Court has repeatedly held that any agreement made by the county attorney with a defendant for sentence would not be binding on the trial court pronouncing the sentence. Maxwell v. State, Okl.Cr., 292 P.2d 181; Ex parte Johnson, 97 Okl.Cr. 374, 264 P.2d 367; Ex parte Ervin, Okl.Cr., 266 P.2d 984. The county attorney can make no agreement with an accused for fixing his punishment on a plea of guilty which is binding on the trial court, without the trial court's participation and agreement.

The judgment of the district court of Jefferson County is affirmed.

NIX, P. J., and BUSSEY, J., concur.