**Hugh M. WALKER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13257.**

Court of Criminal Appeals of Oklahoma.

Jan. 30, 1963.

Hugh M. Walker, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JOHNSON, Judge.

The plaintiff in error, Hugh M. Walker, defendant below, was charged by information filed in the district court of Tulsa County with the crime of robbery with firearms, after former conviction of a felony; was tried, convicted by a jury, his punishment assessed at 15 years in the state penitentiary, and he has appealed.

The State has filed a motion to dismiss the appeal, on the ground that the petition in error with casemade attached was not filed with the Clerk of this Court within the time provided by statute, and, therefore, this Court is without jurisdiction to hear and determine the appeal.

The judgment and sentence herein was dated October 12, 1961, and filed for record November 3, 1961. The petition in error with casemade was not filed in this Court until June 18, 1962, more than six months after the date of the judgment and sentence. The record discloses that the jury returned its verdict on October 10, 1961, finding the defendant guilty as charged, and fixing his sentence. The defendant was sentenced on October 12, 1961 in keeping with the verdict. Defendant gave notice of his intention to appeal, and the court minute bears the notation: "Notice accepted and defendant given 60–10–5 days. Judgment and sentence issued and held."

The record further shows that motion for new trial was filed on October 18, 1961. There is nothing in the record to show that this motion was presented to the trial court until March 20, 1962. There appears in the casemade a minute dated March 12, 1962

assigning the motion for new trial for hearing on March 19, and on that date the hearing was passed to March 20. A minute entered on March 20, 1962 reads:

"Case comes on for motion for new trial. Motion for new trial is overruled. Defendant appearing by his attorney Elmore Page, makes his exceptions and gives notice of intention to appeal to the Court of Criminal Appeals of the State of Oklahoma. Defendant is now incarcerated in the State Penitentiary at McAlester, Oklahoma. Defendant's affidavit of forma paupcris for appeal record is filed and denied as not being in proper form. Defendant given 60–10–5 to perfect casemade. Leslie Webb, Judge."

Thereafter on April 13, 1962 an order was entered granting defendant a casemade at the expense of Tulsa County. Defendant's attorney, Elmore Page, makes no further appearance in the case, and the appeal was handled by the defendant from the penitentiary.

■ Title 22 O.S.1951 § 1054, in force at the time the judgment and sentence was rendered herein, provided that an appeal in a felony case should be perfected within six months from the date of the judgment. (This section of the statute has since been amended, and a defendant in a felony case now has only three months to perfect an appeal. 22 O.S.A. § 1054.)

■ This Court has repeatedly held that an appeal to this Court may be taken by a defendant as a matter of constitutional right from any judgment of conviction rendered against him in a court of record, but that the statutes regulating the time and manner of exercising that right are mandatory, and the appeal must be taken in the manner prescribed. Woods v. State, Okl.Cr., 346 P.2d 950; Smith v. State, Okl.Cr., 359 P.2d 243.

■ The Court has also held that the time for perfecting an appeal begins to run from the date the judgment and sentence is entered, and not from the date the motion for new trial is overruled. Clark v. State, 18 Okl.Cr. 145, 193 P. 1008; Cherry v. State, 61 Okl.Cr. 376, 69 P.2d 407; Brown v. State, 89 Okl.Cr. 389, 208 P.2d 1143; Alexander v. State, Okl.Cr., 299 P.2d 544.

For the reasons stated, the motion by the Attorney General to dismiss the appeal must be sustained.

The appeal is dismissed.

BUSSEY, P. J., and NIX, J., concur.