**Application of Wesley Arthur KARR, for writ of Habeas Corpus.**

Ray Page, Warden of the State Penitentiary, McAlester, Oklahoma, Respondent.

No. A–13406.

Court of Criminal Appeals of Oklahoma.

July 31, 1963.

Wesley Arthur Karr, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

JOHNSON, Judge.

This is an original action in habeas corpus instituted by Wesley Arthur Karr to secure his release from confinement in the State Penitentiary.

Petitioner did not have benefit of counsel in preparing his petition, and it

could hardly be classified as sufficient to be considered by this Court. However, the Court being thoroughly conscious of the handicap borne by inmates of State institutions who are not versed in legal proceedings, we consider the instrument filed, which is merely a letter and in narrative form, as a petition for writ of habeas corpus.

■ Petitioner did not attach a copy of the information or the judgment and sentence, which we have repeatedly held to be necessary for the consideration of a petition. Ex parte Richardson, Okl.Cr., 283 P.2d 855; Ex parte Cross, Okl.Cr., 305 P.2d 1049.

The Attorney General has filed a response on behalf of the warden, to which is attached a copy of the judgment and sentence. The judgment and sentence shows to have been entered August 26, 1959, in the district court of Johnston County, on defendant's plea of guilty to a charge of rape in the first degree. The victim was alleged to be a ten-year old girl.

The petitioner admits that he was represented by an attorney at his trial, but states that he was dealt with unfairly, and that: "My constitutional rights have been grossly abused and completely ignored."

Petitioner apparently relies upon his uncorroborated and unverified statement that he was arrested in Atoka County without a warrant, and transported to Johnston County, where the charge was lodged against him; and the further statement that he did not know he was entitled to take an appeal.

Title 22 O.S.A. § 196 provides:

"A peace officer may, without a warrant, arrest a person:

1. For a public offense, committed or attempted in his presence.

2. When a person arrested has committed a felony, although not in his presence.

3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

And Title 22 O.S.A. § 175 provides:

"All warrants, except those issued for violation of city ordinances, may be served in any county in the State; and may be served by any peace officer to whom they may be directed or delivered."

Under the provision of the statutes, the sheriff of Johnston County had a right to arrest this petitioner in Atoka, or any other county in the State of Oklahoma, where he was found, either with or without a warrant.

■ We have repeatedly held that in a habeas corpus proceeding, the inquiry is limited to whether the court had jurisdiction of the subject matter, jurisdiction of the person, and authority under the law to pronounce the judgment and sentence rendered; and that habeas corpus is not a substitute for an appeal. In re Morgan, Okl. Cr., 309 P.2d 1089; Ex parte Noble, 89 Okl.Cr. 231, 206 P.2d 226, and numerous other cases.

This petitioner, with the assistance and advice of an attorney, entered a plea of guilty to the charge against him. He could have received the death penalty, but was given life imprisonment.

■ In habeas corpus proceeding, burden is upon petitioner to prove grounds upon which he relies for his release and unsupported statements do not meet the requirement of proof. Shelton v. State, Okl. Cr., 381 P.2d 324; Lavender v. McLeod, Warden, Okl.Cr., 325 P.2d 1080. Petitioner has not met this burden.

The writ is denied.

BUSSEY, P. J., and NIX, J., concur.