Hugh WALKER, Petitioner,

v.

The STATE of Oklahoma, and Ray H. Page, Warden of the Oklahoma State Penitentiary, Respondents.

No. A–13440.

Court of Criminal Appeals of Oklahoma.

Oct. 30, 1963.

Hugh Walker, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

JOHNSON, Judge.

Hugh Walker, #65959, has filed his petition for writ of habeas corpus, seeking his release from custody of Ray H. Page, Warden of the Oklahoma State Penitentiary.

Petitioner alleges the cause of his restraint is a judgment and sentence of the district court of Tulsa County, wherein he was prosecuted for the crime of robbery with firearms, after former conviction of a felony, found guilty by a jury, and sentenced to serve fifteen years in the penitentiary.

 The Attorney General has filed a response to the petition, calling attention to the fact that this petitioner attempted to appeal the conviction rendered against him, and the attempted appeal was dismissed on January 30, 1963. Walker v. State, Okl. Cr., 378 P.2d 783.

It has repeatedly been held by this Court that jurisdiction of the Court of Criminal Appeals in a proceeding in habeas corpus is limited to the question of whether the Court in which the accused was convicted had jurisdiction of the subject matter, jurisdiction of the accused, and of the crime charged, and authority under the law to pronounce the judgment and sentence. Ex parte Noble, 89 Okl.Cr. 231, 206 P.2d 226; Ex parte Frazier, 78 Okl.Cr. 230, 146 P.2d 849; Ex parte O'Hara, 89 Okl.Cr. 250, 206 P.2d 592. There is nothing before us to indicate that the trial court did not have jurisdiction in this matter.

The petition herein, and the casemade in Walker v. State, supra, referred to by the petitioner, show that the judgment and sentence was rendered in the district court of Tulsa County on October 12, 1961. The casemade contains a minute of the court on October 12, 1961 showing the defendant and his attorney present in court, "case called for sentencing, defendant sentenced to fifteen years in the State Penitentiary." Judgment and sentence was dated the same day, but was not filed until November 3, 1961. Motion for new trial was filed October 18, 1961, and was overruled on March 20, 1962. The minute overruling the same contains the statement: "Defendant's affidavit of forma pauperis for appeal record is filed and denied as not being in proper form. Defendant given 60–10–5 to perfect casemade." On April 5, 1962 defendant filed an affidavit for casemade stating that he was unable to pay for the record, and on April 12, 1962 there was entered a minute, "affidavit pauperis of defendant considered and the application for record at the expense of Tulsa County is granted"; and on April 13, 1962 the formal order granting the defendant a casemade at the expense of Tulsa County was signed by Judge Leslie Webb, the trial judge.

 As stated in our opinion, the statute in force at the time this judgment was entered provided that an appeal must be perfected within six months from the date of the judgment. It is a little difficult to

understand why the judge of the trial court would order a casemade for appeal on the very day the six months were up. This statute is mandatory, and this Court did not acquire jurisdiction of the attempted appeal from the judgment and sentence dated October 12, 1961, and lodged in this Court on June 18, 1962.

 The petition herein is entirely insufficient to attack the judgment and sentence and commitment, and the writ of habeas corpus herein sought is accordingly denied.

BUSSEY, P. J., and NIX, J., concur.