**Wesley Arthur KARR, #62609, Petitioner,**

**v.**

**Ray H. PAGE, Warden, Respondent.**

**No. A–14533.**

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1968.

Wesley Arthur Karr, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge.

An original proceeding seeking release from the state penitentiary has been filed herein by Wesley Arthur Karr, an inmate of the penitentiary, having been convicted of rape in the first degree in Johnston County, Oklahoma, and sentenced to life imprisonment.

This petitioner has been before this Court on two other occasions wherein he was seeking release by writ of habeas corpus. All three of his petitions have been prepared and filed by the petitioner without the assistance of an attorney. The first, In re: Application of Karr, Okl.Cr., 384

P.2d 409, was in the form of a letter to the Court, and which the Court considered as a petition for writ of habeas corpus. In that case the Court went into the details concerning the facts before the Court. The second case, No. A–14503, was dismissed without an opinion.

Petitioner now for the first time claims that a "deal" was made with the county attorney of Johnston County, whereby the defendant agreed to plead guilty to the charge against him, in exchange for a recommendation by the county attorney of a sentence of "no more than 15 years in prison". That relying upon such promise, and against the advice and without the knowledge of his employed attorney, defendant entered a plea of guilty. That on his plea of guilty the county attorney recommended "something less than life", but the judge of the district court sentenced defendant to life imprisonment. Petitioner states that the district judge had knowledge of the "deal" with the county attorney, but does not allege that the trial judge was a party to any such agreement, and offers no proof of this or any other statement made in his petition.

So far as shown by the records before this Court, defendant's attorney made no effort to withdraw the plea of guilty; and defendant admits that his attorney did not file notice of appeal, and made no effort to appeal the judgment and sentence.

■ In the question of an agreement with the county attorney for a term of not more than 15 years, it is fundamental that the county attorney can make no agreement with an accused for fixing his punishment on a plea of guilty, which would be binding on the trial court pronouncing sentence, without the trial court's participation and agreement. Moseley v. State, 46 Okl. Cr. 435, 287 P. 839; Ex parte Johnson, 97 Okl.Cr. 374, 264 P.2d 367; Maxwell v. State, Okl.Cr., 292 P.2d 181; Camplain v. State, Okl.Cr., 362 P.2d 464.

■■ We would further state that this present ground for relief was or should have been known to petitioner at the time of his previous actions in this Court, and he should have specifically alleged same at that time, since this Court does not favor "piecemeal" litigation of causes.

The Court has examined the petition filed herein, and finds the same is wholly insufficient to state a cause for relief by habeas corpus.

The petition for writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.