George STEFFEY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F 96–24.

Court of Criminal Appeals of Oklahoma.

April 18, 1996.

### ORDER DENYING MOTION
### TO DISMISS APPEAL

On November 22, 1995, Judgments and Sentences were entered against Appellant in Case Nos. CF–93–400 and CF–93–406 in the District Court of Delaware County. On that same day, Appellant filed motions for new trial in the District Court cases. According to the Original Records filed in this Court, the motions for new trial were denied by Court Minute of the District Court on January 3, 1996. (CF–93–400 O.R.161; CF–93–406 O.R.160). On that same day, Appellant filed a notice of intent to appeal and designation of record in the District Court to appeal from his convictions. On January 8, 1996, those pleadings were filed with the Clerk of this Court and the above-styled appeal was initiated.

Lisbeth L. McCarty, Chief of the General Appeals Division of the Oklahoma Indigent Defense System, has filed a pleading entitled *Request to Determine Validity of Appeal and, if Appeal deemed Valid, Set Due Dates for Aspects of the Appeal; if Appeal Deemed Invalid, Request to Dismiss for Lack of Jurisdiction (With Brief in Support).* Ms. McCarty notes that the notice of intent to appeal and designation of record were not filed within ten (10) days from the date the Judgments and Sentences were originally entered by the District Court, on November 22, 1995. Ms. McCarty asks whether this Court's Rules have been violated and whether this appeal should be dismissed. Trial Counsel, Richard L. Yohn, has responded claiming that an appeal could not be taken in these cases until the District Court ruled on the motion for new trial.

This Court declines to issue advisory opinions on such things as a request to determine the validity of an appeal. *See e.g. Canady v. Reynolds,* 880 P.2d 391, 394 (Okl.Cr. 1994). Moreover, the Rules of this Court set dates for aspects of an appeal and further elaboration is not required. *Rules of the Oklahoma Court of Criminal Appeals,* 22 O.S.Supp.1995, Ch. 18, App. Therefore, this matter will only be addressed as a motion to dismiss the appeal.

Section 1054.1 of Title 22 specifically provides that "no appeal to the Court of Criminal Appeals may be taken until subsequent to the ruling by the trial court on the motion for new trial." 22 O.S.1991, § 1054.1. When a motion for new trial, on grounds other than newly discovered evidence, is timely filed in the District Court, the Judgment and Sentence shall not be considered imposed for purposes of an appeal and this Court's Rules until the motion for new trial is ruled on by the District Court. 22 O.S.1991, § 1054.1; *Rules, supra,* Rules 2.1 and 2.5. In such cases, the notice of intent to appeal and designation of record shall be filed within ten (10) days of the denial of the motion for new trial.

In this case, Appellant's notice of intent to appeal and designation of record were timely filed, and properly invoked the appellate jurisdiction of this Court. Therefore, the motion to dismiss this appeal should be, and is hereby, **DENIED.**

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
CHARLES A. JOHNSON
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN
Judge

/s/ James F. Lane
JAMES F. LANE
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR
Judge