CROSS v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:CROSS v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 CROSS v. STATE
2020 OK CR 1
Case Number: F-2019-256
Decided: 01/28/2020
JASON DEAN CROSS, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2020 OK CR 1, __ __

 

 

ORDER DENYING STATE'S MOTION TO DISMISS
APPEAL AND RE-SETTING BRIEFING SCHEDULE

¶1 The State of Oklahoma has filed a motion to dismiss this appeal from Appellant's Judgment and Sentence, pronounced January 2, 2019, in Case No. CF-2017-15 in the District Court of Lincoln County. On the same day, Appellant filed a motion for new trial claiming the verdict was contrary to the law or evidence.[1] On April 2, 2019, the District Court overruled Appellant's motion for new trial. On April 11, 2019, within ten days of the order denying the motion for new trial, Appellant filed in the District Court a Notice of Intent to Appeal and Designation of Record. On June 5, 2019, Appellant filed his Petition in Error in this Court.

¶2 The State contends Appellant's Petition in Error was due to be filed in this appeal by April 2, 2019, but was not filed until June 5, 2019, and thus this appeal should be dismissed. The State argues that Rules 2.1(A)(1) and (A)(2), which discuss motions for new trial and their effect on appeal proceedings, do nothing to extend the time for filing a Petition in Error.[2] Rules 2.1(A)(1) and (A)(2), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2020). The State argues that Rule 3.1(C) thus controls this matter and required that Appellant's Petition in Error be filed by April 2, 2019, within ninety days of the date his Judgment and Sentence was imposed. Rule 3.1(C), Rules, supra. Case law cited by the State in support of its arguments includes Walker v. State, 1963 OK CR 14, 378 P.2d 783, and not for publication opinions issued by this Court.

¶3 The State is correct that this Court's Rules do not currently specify if or how a motion for new trial affects the timing of the filing of the Petition in Error. However, Section 1054.1 of Title 22 of the Oklahoma Statutes specifically provides that "in the event a motion for new trial is filed in the trial court . . . no appeal to the Court of Criminal Appeals may be taken until subsequent to the ruling by the trial court on the motion for new trial." 22 O.S.2011, § 1054.1; see also Steffey v. State, 1996 OK CR 17, ¶ 4, 916 P.2d 263, 263 ("When a motion for new trial, on grounds other than newly discovered evidence, is timely filed in the District Court, the Judgment and Sentence shall not be considered imposed for purposes of an appeal and this Court's Rules until the motion for new trial is ruled on by the District Court."). The State's reliance on Walker v. State, 1963 OK CR 14, 378 P.2d 783, is misplaced as that opinion was issued before Section 1054.1 of Title 22 of the Oklahoma Statutes was enacted, effective May 28, 1985. Appellant's Petition in Error was timely filed in this appeal on June 5, 2019, within ninety days from the date the District Court overruled Appellant's motion for new trial on April 2, 2019. Therefore, the State's motion to dismiss this appeal should be, and is hereby, DENIED.

¶4 Appellant's brief was filed in this appeal on October 23, 2019. The State has filed a request to hold its briefing time in abeyance pending this decision on its motion to dismiss. The State's answer brief in this appeal shall be due to be filed within sixty days from the date this order is filed with the Clerk of this Court.

¶5 IT IS SO ORDERED.

¶6 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 28th day of January, 2020.

/s/DAVID B. LEWIS, Presiding Judge

/s/DANA KUEHN, Vice Presiding Judge

/s/GARY L. LUMPKIN, Judge

/s/ROBERT L. HUDSON, Judge

/s/SCOTT ROWLAND, Judge

ATTEST:
/s/John D. Hadden
Clerk

FOOTNOTES

[1] See 22 O.S.2011, § 952 (Sixth).

[2] The State doesn't challenge the timeliness of Appellant's filing of the Notice of Intent to Appeal and Designation of Record on April 11, 2019.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1996 OK CR 17, 916 P.2d 263, STEFFEY v. STATE
Discussed
 1963 OK CR 14, 378 P.2d 783, WALKER v. STATE
Discussed at Length
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 952, Grounds for Granting New Trial
Cited
 22 O.S. 1054.1, Perfection of an Appeal not Conditioned on Motion for New Trial
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA